FILED & JUDGMENT ENTERED
Steven T. Salata

August 4 2023

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

In re: )
 )
CLEMMER'S CONSTRUCTION, LLC, ) Case No. 23-40136
 )
 ) Chapter 11, Subchapter V
 )
EIN:       88-3539899 )
 )
              Debtor. )

## CHAPTER 11 SUBCHAPTER V SMALL BUSINESS OPERATING ORDER

This Order, although effective immediately upon entry, is subject to written objection and notice of hearing within 14 days of the date of its entry.

The above-captioned debtor and debtor in possession (the "Debtor") is hereby ORDERED to comply with the following, except as otherwise ordered by the Court:

A.  <u>Meeting with Bankruptcy Administrator and Subchapter V Trustee</u>: Upon notice by the Bankruptcy Administrator to the Debtor, the Debtor and Debtor's counsel shall meet with the Bankruptcy Administrator, or her designee, and the Subchapter V Trustee ("Trustee") to certify compliance with all provisions of this Order. The Debtor shall supply the Bankruptcy Administrator and/or the Trustee with any documents or records requested by the Bankruptcy Administrator or Trustee prior to or at the time of such meeting.

B.  <u>Inspection of Property and Records</u>: The Debtor shall permit the Trustee and, upon request, the Bankruptcy Administrator or her designee reasonable inspection of its business premises, properties, and books and records.

  C. <u>Books and Records</u>: Effective as of the date the petition was filed (the "Petition Date"), the Debtor shall close its prepetition books and records and open a new postpetition accounting period beginning as of the Petition Date. Regardless of the time of actual closing and opening, the books and records shall be reconciled as of the Petition Date. The books and records shall be kept in accordance with generally accepted accounting principles or other acceptable comprehensive basis of accounting.

  D. <u>Bank Accounts</u>

   1. <u>Bank Accounts</u>: The Debtor's bank accounts shall consist of at least a general account, a tax account, and, at the Debtor's election, a payroll account. As described below, the Debtor may elect to maintain its prepetition bank accounts, subject to the provisions set forth herein, or open new postpetition bank accounts:

    a) <u>Maintenance of Existing Bank Accounts</u>: The Debtor may maintain one or more of its prepetition bank accounts provided that: (i) the prepetition account is in good standing; (ii) the Debtor has placed stop payments on all prepetition checks and transactions not otherwise authorized to be paid by separate order of this Court, including cancellation of any automatic electronic payments; (iii) the Debtor does not owe any prepetition debts to its depository bank; and (iv) the Debtor performs a reconciliation of its bank accounts as of the Petition Date. If unable to meet these requirements, the Debtor must open new bank accounts.

    b) <u>New Bank Accounts</u>: If the Debtor elects or is required to open new bank accounts, the Debtor must close its prepetition bank accounts and open its new accounts no later than 7 days after entry of this Order. Regardless of the time of actual closing and opening, the Debtor's prepetition bank accounts shall be reconciled as of the Petition Date.

The Debtor must inform the Bankruptcy Administrator within three (3) days of the Petition Date whether it has elected to maintain its current bank accounts or open new bank accounts as described above. All bank signature cards for the Debtor's accounts, regardless of whether the Debtor maintains its prepetition accounts or opens new postpetition accounts, shall clearly indicate that the Debtor is a "Debtor-In-Possession." The Debtor is only required to make this designation on the signature cards, not on the check stock.

   2. <u>Collateralization of Accounts</u>: The Debtor shall comply with the provisions of 11 U.S.C. § 345 regarding deposit or investment of money of the estate. The Debtor or Debtor's counsel immediately shall inform the Bankruptcy Administrator of the deposit of any funds of the estate in any bank or other financial institution that are either not covered by F.D.I.C. insurance or that exceed the insured amount. The Bankruptcy Administrator shall take appropriate action for the posting of securities or a bond. The Debtor's duties described in this subparagraph 2 are continuing and end only upon entry of an order converting, dismissing, or closing the case.

        3.      <u>Tax Account, Deposits, and Filing of Tax Returns</u>:

        a)  The Debtor shall segregate in a separate bank account all taxes withheld from employees and/or monies collected from others for taxes under any law of the United States or other governmental unit. The Debtor is directed and empowered to pay from such bank account to the appropriate taxing authorities the amounts for postpetition taxes at the times and in the manner prescribed by law. The Debtor shall make timely reports in the manner prescribed by the Internal Revenue Service or other taxing authorities to the extent such reports are required by law. Evidence of payment of taxes and/or deposit of monies for tax payments shall be provided to the Bankruptcy Administrator and Trustee upon request.

        b)  The Debtor shall file tax returns that were delinquent as of the Petition Date, if any, within 90 days of entry of this Order unless otherwise provided by law or order of the Court. The Debtor shall file all postpetition tax returns and pay all postpetition taxes when due. The Debtor shall provide the Bankruptcy Administrator and Trustee copies of its tax returns through the duration of this chapter 11 case at the time such returns are filed.

        E.      <u>Proof of Insurance</u>: The Debtor shall maintain adequate insurance, including, as applicable, workers' compensation, general liability, property, fire, theft, and motor vehicle insurance, as well as such other insurance coverage normally and customarily used in the Debtor's business. The Debtor shall pay all postpetition premiums when due. Within 10 days of the Petition Date, the Debtor shall provide the Bankruptcy Administrator's Office and Trustee proof of insurance coverage on all property of the estate, and the Debtor shall submit copies of complete policies within 30 days of the Petition Date. If notice of cancellation or of non-renewal is given on any such insurance policy before its expiration date, the Debtor shall notify the Bankruptcy Administrator and Trustee of the impending cancellation or non-renewal, by telephonic notice within 48 hours, and in writing within 5 days, of the Debtor's first receipt of such notice. The Debtor shall provide the Bankruptcy Administrator's Office and Trustee with evidence of renewal of insurance policies prior to the expiration dates throughout the duration of the chapter 11 case, and the Debtor shall provide complete copies of such policies within 10 days of the Debtor's receipt of same.

        F.      <u>Use of Estate Property</u>: The Debtor shall not transfer, sell, hypothecate, mortgage, pledge or encumber, or otherwise dispose of any property of the estate, other than in the ordinary course of business, without prior order of the Court. Except as permitted by 11 U.S.C. § 363 in the ordinary course of business, the Debtor shall not use estate property to pay prepetition debts, including claims of secured creditors and landlords, without prior order of the Court. To the extent that a secured creditor has a lien on cash or its equivalent in the Debtor's possession, the Debtor shall not use cash collateral as defined by 11 U.S.C. § 363 unless each entity that has an interest in such cash collateral consents or the Court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of 11 U.S.C. § 363.

G.  <u>Compensation and Compensation Plans</u>: During the pendency of this chapter 11 case, the Debtor shall not increase employee compensation or modify plans of compensation without prior Order of this Court, after notice and hearing. Compensation and plans of compensation shall include, but shall not be limited to, salaries, hourly wages, benefits, commission structure, bonuses, deferred compensation plans, or other forms of compensation.

H.  <u>Small Business Monthly Status Reports</u>: Pursuant to 11 U.S.C. §§ 1106 and 1107 and Rule 2015 of the Federal Rules of Bankruptcy Procedure, the Debtor shall prepare and file with the Court monthly written reports on the status of this chapter 11 case (each, a "Monthly Status Report") in the form provided by the Bankruptcy Administrator. The first Monthly Status Report shall include the period between the Petition Date and the last date of that calendar month, unless such period is less than 15 days, in which case it may be included with the subsequent month. All subsequent reports shall be for the full calendar month. Each Monthly Status Report shall be filed within 21 days after the end of the applicable calendar month. The opening balances in the initial Monthly Status Report shall reflect the Debtor's financial condition as of the Petition Date. The Monthly Status Report must be dated and signed by the Debtor.

I.  <u>Compliance with Law</u>: The operation of the Debtor's business shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina.

Failure to comply with this Order may result in the dismissal of this case, its conversion to Chapter 7, or other appropriate action by the Court.

*This Order has been signed electronically.*       *United States Bankruptcy Court*
*The Judge's signature and Court's seal appear*
*at the top of the Order.*