**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

In re:

CLEMMER'S CONSTRUCTION, LLC.

      Debtor.

_____ /

Case No.: 23-40136

Chapter 11

**AGREED ORDER APPROVING**
**STIPULATION FOR ADEQUATE PROTECTION**

THIS CASE having come before the Court on Commercial Credit Group Inc.'s ("CCG") Agreed Motion for Order Approving Adequate Protection (Docket No. _____), and the Court, after being advised that the Debtor and CCG have agreed to entry of this Order, adopts the following stipulations of the parties:

WHEREAS, under a Negotiable Promissory Note and Security Agreement dated July 29, 2022 in the face amount of $73,755.00 (**"Note 1"**), CCG extended a loan to finance the acquisition of a 2022 Caterpillar 304 mini excavator (S/N AN400788) as more fully described in said Note. CCG duly perfected its lien against the equipment financed under Note 1 by filing a UCC financing statement with the North Carolina Secretary of State on August 1, 2022.

WHEREAS, under a Negotiable Promissory Note and Security Agreement dated September 1, 2022 in the face amount of $100,422.00 (**"Note 2"**), CCG extended a loan to finance the acquisition of a 2022 Caterpillar 289D3 compact track loader (S/N JX911440) as more fully

described in said Note. CCG duly perfected its lien against the equipment financed under Note 2 by filing a UCC financing statement with the North Carolina Secretary of State on August 24, 2022.

WHEREAS, under a Negotiable Promissory Note and Security Agreement dated December 14, 2022 in the face amount of $193,600.00 (**"Note 3"**), CCG extended a loan to finance the acquisition of a 2023 Caterpillar 308 mini excavator (S/N GG807404) as more fully described in said Note. CCG duly perfected its lien against the equipment financed under Note 3 by filing a UCC financing statement with the North Carolina Secretary of State on December 19, 2022.

WHEREAS, under a Negotiable Promissory Note and Security Agreement dated April 26, 2023 in the face amount of $152,690.00 (**"Note 4"**), CCG extended a loan to finance the acquisition of a 2018 Caterpillar D5K2 LGPCB crawler dozer (S/N KY203707) as more fully described in said Note. CCG duly perfected its lien against the equipment financed under Note 4 by filing a UCC financing statement with the North Carolina Secretary of State on April 26, 2023.

WHEREAS, Note 1, Note 2, Note 3 and Note 4 are referred to hereinafter collectively as the **"Notes"**. References to the **"Equipment"** mean all of the Equipment financed under the Notes as described above and as more fully described in the Notes.

WHEREAS, CCG originally furnished the acquisition of the Equipment for Clemmer's Landscape, Inc. which has effectively ceased operations. That corporation was owned by Michael Clemmer who is the member/manager of the Debtor. The Equipment is in the possession of the Debtor, is and has been used almost exclusively by the Debtor in its operations and is and has been essential to those operations, and the Debtor represents that the Equipment is necessary for the Debtor's effective reorganization. The Debtor has a possessory interest in the Equipment which is

protected by the automatic stay and the Debtor has received and will continue to receive equivalent direct and indirect value for all payments made and to be made under the Notes and this Stipulation.

WHEREAS, as of the petition date, the total indebtedness due and owing under the Notes was approximately $357,831.00, broken down as follows:

| Acct # | Principal | Interest | Late/ NSF Fees | Total | Per Diem |
|---|---|---|---|---|---|
| Note 1 | 48,300.78 | 376.47 | 396.75 | 49,074.00 | 24.15 |
| Note 2 | 66,557.83 | 538.57 | 383.70 | 67,480.10 | 33.28 |
| Note 3 | 124,310.32 | 2,610.52 | 301.50 | 127,222.34 | 62.16 |
| Note 4 | 111,996.05 | 1,175.96 | 882.55 | 114,054.56 | 56.00 |
| Totals | 351,164.98 | 4,701.52 | 1,964.50 | 357,831.00 | 175.58 |

WHEREAS, Debtor agrees that the Indebtedness is fully-secured.

WHEREAS, the Debtor and CCG have agreed to the provisions of this Stipulation after good faith arm's length negotiations.

The Court adopts the foregoing stipulations and representations as its findings and further finds that the notice is appropriate under the circumstances, that this Consent Order has been negotiated in good faith and at arm's length, that CCG has acted in good faith, and that it is in the best interest of Debtor and its creditors to enter this Consent Order, and therefore that there is good cause for the entry of this Consent Order.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED** as follows:

1. The foregoing recitals are incorporated herein by reference as if set forth in full herein and are made an express part of this Order.

2. In order to adequately protect CCG's interest in the Equipment, the Debtor will pay CCG $9,234.00 on September 5, 2023 and on the 5th day of each month thereafter, and will maintain insurance coverage on the Equipment in accordance with the terms of the Notes, through

the effective date of a plan of reorganization or until further order of the Court.

3. The Debtor waives any claim that payments made under the Notes and payments to be made under this Stipulation are avoidable in any action or proceeding.

4. All payments to CCG referenced herein shall be directed to: Commercial Credit Group Inc. using the wire instructions to be provided by CCG or, at Debtor's option and authorization, by ACH payment, and shall be applied to the indebtedness in accordance with the Notes.

5. This Stipulation is conditioned upon the United States Bankruptcy Court entering a final order approving all the terms of this Stipulation. This Stipulation, and any order approving same, shall bind the Debtor, CCG, and their respective successors and assigns.

6. The parties agree that Debtor shall be deemed in default under the terms of this Stipulation should Debtor fail to make any payment or perform any obligation required by Debtor hereunder, or upon the lapse of insurance coverage on the Equipment.

7. In the event of (i) a default as defined herein, other than a default arising from the lapse of insurance coverage, and upon ten (10) days' notice to Debtor's counsel upon the first default, seven (7) days' notice to Debtor's counsel upon the second default, five (5) days' notice to Debtor's counsel upon the third default and immediately upon the fourth default, or (ii) upon a default arising from the lapse of insurance coverage that is not cured by the Debtor within 48 hours, then CCG will be entitled to seek an expedited hearing on a motion for relief from the automatic stay.

**This Order has been signed electronically. The Judge's signature and the Court's seal appear at the top of the Order.**

**United States Bankruptcy Court**

**STIPULATED AND CONSENTED TO BY:**

| **Law Office of R. Keith Johnson, P.A.** | **Commercial Credit Group Inc.** |
|---|---|
| /s/ R. Keith Johnson | /s/ Niall T. McLachlan |
| R. Keith Johnson, NC Bar 8840<br>1275 S. NC 16 Bus. Hwy.<br>Stanley, NC 28164<br>Telephone: 704-827-4200<br>Email: kjgrumpy@kjattorney.com<br>*Attorney for Debtor* | Niall T. McLachlan, NC Bar No. 54360<br>525 N. Tryon Street, Suite 1000<br>Charlotte, NC 28202<br>Telephone: 704-703-1968<br>Email: nmclachlan@commercialcreditgroup.com<br>*Attorney for Creditor* |

**NO OBJECTION TO ENTRY:**

/s/ James David Nave

James David Nave, Attorney
51 Lawrence Place
Asheville, NC 28801
Telephone: 615-430-9511
Email: jdnave1@charter.net
*Subchapter V Trustee*

5