UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No. 23-40136 |
| CLEMMER'S CONSTRUCTION, LLC, | ) |
| | ) Chapter 11, Subchapter V |
| Debtor. | ) |

**OBJECTION TO MOTION TO EXTEND PERIOD
FOR FILING SUB-CHAPTER V PLAN**

The United States Bankruptcy Administrator for the Western District of North Carolina ("Bankruptcy Administrator") hereby objects (the "Objection") to the Debtor's *Motion to Extend Period for Filing Sub-Chapter V Plan* (the "Motion"), filed on October 25, 2023 [ECF No. 50], and in support thereof says as follows:

The Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code [ECF No. 1] on August 3, 2023 (the "Petition Date"). J. David Nave is the duly appointed subchapter V trustee (the "Trustee").

Pursuant to 11 U.S.C. § 1189(b), the Debtor is required to file its plan no later than ninety days after entry of the order for relief. The Court may extend the period to file a plan if the need for the extension is attributable to circumstances for which the debtor should not be held justly accountable. *Id.*

The Debtor's plan was due November 1, 2023, and the Motion seeks a thirty-day extension to file the plan, through and including December 1, 2023.

The Motion cites no facts to establish that the requested extension is attributable to circumstances for which the Debtor should not be held justly accountable. The Motion states, among other things, that the Debtor does not have a dedicated in-house

accountant and that it has established a relationship with Edward Bowers to assist the Debtor in preparing monthly reports. The Debtor's Motion fails to meet the statutory standard for an extension of time under section 1189(b).

A recent decision by the U.S. Bankruptcy Court for the District of New Mexico explains in detail the various tests employed by bankruptcy courts in determining whether to grant an extension. *In re Trinity Legacy Consortium, LLC,* 2023 Bankr. LEXIS 2349, *11-15 (Bankr. D. N.M. Sept. 23, 2023). Those tests include:

a. First approach: Analogizing to caselaw interpreting section 1221(d)(1), assess whether the request is attributable to "circumstances beyond the debtor's control." *See, e.g.*, *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 344 (Bankr. S.D. Fla. 2020).

b. Second approach: Apply the four-factor *Baker* test:
   (1) Whether the circumstances raised by debtor were within his control;
   (2) Whether the debtor has made progress in drafting a plan;
   (3) Whether the deficiencies preventing that draft from being filed are reasonably related to the identified circumstances; and
   (4) Whether any party-in-interest has moved to dismiss or convert debtor's case or otherwise objected to a deadline extension in any way.
*In re Baker*, 625 B.R. 27, 36 (Bankr. S.D. Tex. 2020).

c. Third approach: An equitable inquiry examining "whether the Debtor is fairly responsible for his inability to . . . file a plan" within the 90-day period set by section 1189(b). *See, e.g.*, *In re Trepetin*, 617 B.R. 841, 849 (Bankr. D. Md. 2020).

*Id.* Ultimately, the New Mexico bankruptcy court adopted the equitable inquiry approach of *Trepetin* and granted an extension of time to file a plan where the debtor had participated in mediation, settled with all but two parties, and appeared close to settling with the remaining two parties. The court granted the extension to allow those

settlements negotiations to continue in hopes the Debtor could file a consensual plan. *Id.* at *24 - 26.

No analogous facts in this case support the Debtor's Motion. The Debtor fails to carry its burden that the need for an extension of the deadline is attributable to circumstances beyond the Debtor's control under any of the three tests. The Debtor's "evidence offered no factual nexus between the failure to timely file the plan and the circumstances averred." *In re Tibbens*, 2021 Bankr. LEXIS 654, *24 (Bankr. M.D.N.C. Mar. 19, 2021) (citing *In re Northwest Child Devel. Centers, Inc.*, 2020 Bankr. LEXIS 3682 (Bankr. M.D.N.C. Dec. 8, 2020)). A debtor's plain desire for more time does not meet the applicable standard.

Wherefore, the undersigned asks that the Court sustain this Objection, deny the Debtor's Motion to Extend Period for Filing Sub-Chapter V Plan, and grant such other and further relief as the Court deems just and proper.

Dated: November 2, 2023.

/s/ Shelley K. Abel
Shelley K. Abel
Bankruptcy Administrator
U.S. Bankruptcy Administrator
401 W. Trade Street, Suite 2400
Charlotte, NC  28202
N.C. Bar #34370
Telephone: (704) 350-7587 Fax: (704) 350-7577
Email: shelley_abel@ncwba.uscourts.gov